THE STATE EX REL. CHICAGO, ROCK ISLAND & PACIFIC RAILROAD COM-
PANY v. L. B. WOOD, Judge of Circuit Court of Grundy County.
—292 S. W. 1033.

Court en Banc, April 8, 1927.

1. **PROHIBITION: Production of Papers.** Prohibition is the appropriate
remedy if respondent has in fact exceeded his jurisdiction as circuit judge
in making an order requiring defendant to produce certain letters and docu-
ments to be used by plaintiff in the trial of a cause pending. An appeal on
the merits, after defendant's rights have been invaded, would be inadequate.

2. **ORDER: To Produce Letters: Roving Commission.** In an action for
damages charging that the defendant railroad company wrongfully caused
plaintiff's discharge by another company, an order of court reciting that
the petition was attached to the plaintiff's motion to compel defendant to
produce letters, alleged to be in existence and to have been written by de-
fendant to such other company, and describing such letters, and requiring
defendant to produce them at the office of its attorney for inspection and
copy by plaintiff and his attorney, is not a roving commission to plaintiff and
his attorney to examine into the private affairs of defendant regardless of
the materiality, competency and relevancy of the letters.

3. **PRODUCTION OF LETTERS: Wrongful Discharge: Materiality.** In
an action for damages charging that the defendant railroad company
wrongfully caused his discharge by another company by which he was em-
ployed, letters or copies thereof in existence, in which defendant or its
agents or attorneys requested or demanded that plaintiff be discharged by
such other company, and letters in defendant's possession from such other
company acknowledging the receipt of defendant's letters on the subject of
plaintiff's discharge, are material, and have an important bearing on the
issues raised by plaintiff's petition.

4. ————: ————: **Petition: Affidavit.** The petition of a plaintiff for an
order of court compelling defendant to produce letters material to his cause
of action need not be supported by affidavit. Such verification is not
required by the statute, Section 1378, Revised Statutes 1919.

5. ————: ————: **Conspiracy: For Use in Other Cases: Motive.** A plain-
tiff, who sues defendant for damages for causing his wrongful discharge
by another company, has a right, regardless of his motives, to an order
to compel defendant to produce material and relevant letters requesting
and demanding his discharge; and the fact that the production of such let-
ters may disclose evidence useful in the trial of other cases cannot de-
prive him of his right to inspect and copy such letters; and it cannot be
ruled that a petition for an order to produce was a part of a conspiracy be-
tween him and the plaintiffs in the other cases to intimidate defendant,
where no evidence of an unlawful conspiracy appears in the record.

6. ————: **Unreasonable Search and Seizure.** The Constitution prohibits
only unreasonable searches. An order requiring defendant to produce let-
ters and copies of letters relevant and material to the issues on trial, and
permission to the plaintiff to take copies of such letters, in no sense amounts
to an unreasonable search, and does not violate defendant's constitutional
rights, at least unless the letters are confidential communications.

7. ————: **Written after Plaintiff's Discharge: Hearsay.** In an action for
damages based on plaintiff's wrongful discharge by another company, al-

leged to have been brought about by letters written by defendant, letters written by defendant or its attorney after plaintiff's discharge are not competent evidence, but hearsay, and an order requiring defendant to produce copies of them is unauthorized.

8. ————: **Privilege: Confidential Communications: Attorney and Client.** Under an arrangement between defendant and another railroad company, whereby defendant was permitted to use the other's tracks and to defend all suits against the other growing out of the defendant's use of the other's tracks, such other company is the client of the attorneys furnished to it by the defendant to defend cases brought against such other company, and communications between said other company and such attorneys of defendant, with reference to the conduct of the litigation, are privileged, and incompetent evidence, in the trial of plaintiff's action against defendant for damages for his wrongful discharge by such other company, alleged to have been brought about by letters written by defendant, and an order requiring defendant to produce copies of such letters for the use of plaintiff is unauthorized. But the privilege does not extend to letters written by authorized agents or attorneys of defendant who did not bear the relation of attorneys to such other company. To be privileged the communications, whether made by the attorney to his client or by the client to the attorney, must be made during the existence of the relationship and because of the relationship.

9. **PROHIBITION: Modification of Order: Enforced as a Whole.** If the order requiring defendant to produce letters for use in the trial of a pending action is too broad, in that it includes letters which are privileged communications between an attorney and his client, and in that it includes letters which are not relevant but incompetent evidence, this court upon prohibition, having found that the trial judge exceeded his jurisdiction, will not attempt to modify the order or limit its effect, but will prohibit enforcement of the order as a whole, leaving him free hereafter to proceed along lines found to be proper.

---

Corpus Juris-Cyc. References: **Discovery,** 18 C. J., Section 111, p. 1116, n. 81; Section 117, p. 1119, n. 20, 21; p. 1120, n. 32; Section 130, p. 1126, n. 24; Section 138, p. 1130, n. 8; Section 139, p. 1130, n. 10. **Prohibition,** 32 Cyc., p. 617, n. 17. **Searches and Seizures,** 35 Cyc., p. 1269, n. 40; p. 1273, n. 67. **Witnesses,** 40 Cyc., p. 2366, n. 15; p. 2367, n. 24; p. 2375, n. 75; p. 2379, n. 12, 13.

## Prohibition.

RULE MADE ABSOLUTE.

*Luther Burns, Henry S. Conrad, L. E. Durham* and *Hale Houts* for relator.

(1) Prohibition is the proper remedy. State ex rel. v. Trimble, 254 Mo. 542; State ex rel. v. McElhinney, 253 S. W. 1063; State ex rel. v. Miller, 266 S. W. 985. (2) The writ should be made permanent. (a) Because by the order to produce respondent has ordered and attempted to authorize an unreasonable search and seizure of the papers, files and documents of relator, and has ordered relator to expose to view its individual and private affairs and confidential communications between attorney and client. State ex rel. v. Trimble, 254 Mo. 560; 18 C. J. 1119, 1120, 1130; Davis v. District Court, 192 N. W. 854; Travelers Ins. Co. v. Jackson, 206 N. W. 99; Cully

v. Ry. Co., 77 Pac. 202; Falco v. Railroad, 146 N. Y. Supp. 1024; United States v. Railroad, 236 U. S. 336; State v. Dawson, 90 Mo. 154; 40 Cyc. 2368, 2362, 2363; O'Brian v. Ins. Co., 109 Kan. 143; C. G. W. Ry. v. McCaffrey, 160 N. W. 821; Sweet v. Owen, 109 Mo. 7; Ebersole v. Rankin, 102 Mo. 50. (b) Because the proceedings to procure and the order to produce constitute a fishing expedition on the part of the attorney representing Kurfman and Nellie A. Smith for the purpose of obtaining information which may or may not be applicable to Kurfman v. Rock Island, and for use in any of the other three cases of Kurfman v. Burlington, Nellie Smith v. Rock Island, and Nellie Smith v. Burlington, and the proceedings for an order to produce further constitute a scheme of oppression and intimidation of the relator and of the witnesses in each and all of the four cases mentioned. State ex rel. v. Broaddus, 245 Mo. 142. (c) Because the order to produce in any event is in excess of the jurisdiction of the court in that the production of letters not mentioned in the petition to produce, are not shown by any affidavit or other evidence to be in existence, and in that letters and documents purporting to be written and to refer to matters occurring after Kurfman's alleged cause of action against relator arose, and therefore not competent or material evidence, are ordered to be produced. Art. 12, chap. 12, and Sec. 1375, R. S. 1919; State ex rel. v. Trimble, 254 Mo. 558. (d) Because the order in all of the respects heretofore mentioned is in violation of Section 11, Art. II, Constitution of Missouri, and the Fourth Amendment of the Constitution of the United States forbidding unreasonable search and seizure of persons and papers, and in violation of Sec. 1, of the 14th Amendment of the Constitution of the United States, in that it tends to deny the relator equal protection of the law, and to deprive it of its liberty and property without due process of law, and in said respect also in violation of Sec. 30, Art. II, and Sec. 10, Art. II, of the Constitution of Missouri, which provides that right and justice shall be administered without denial.

*E. M. Harber* for respondent.

(1) There having been no objection, suggestion in opposition to action of court below, the writ should not issue. There is apparently some seeming, more seeming than real we believe, conflict in the decisions of this court, as to when this extraordinary writ will issue, citing *nisi prius* judge to his humiliation before the bar of this court to answer for some claimed transgressions of the law. We believe we state the rule of this court most favorably to relator when we say it is only when such judge is proceeding to act without any authority, such lack of authority appearing from the face of the record, not as here sought

to be injected *dehors* the record, such writ will issue. State ex rel. v. Bright, 224 Mo. 514. If there is any case in this State where such writ has been issued, where, upon appearance of parties, the judge of the court below, having jurisdiction of the subject matter and person, without any suggestion in any way, or at any stage of proceedings, of lack of jurisdiction or the exercise of excessive jurisdiction, we have been unable to locate such case. The last direct statement of this court upon this question seems to be in State ex rel. v. Huck, 246 S. W. 303, where it is said, l. c. 305, that "the general rule is that an application for a writ of prohibition will not be considered unless a plea to the jurisdiction has been filed and overruled in the lower court, or the inferior court has been asked in some form, without avail to refrain from further proceedings." State ex rel. v. Williams, 221 Mo. 247; State ex rel. v. McQuillin, 171 S. W. 75; 9 R. C. L. 182-188. (2) The order was not requested or made for inspection of relator's private papers and correspondence. It was to produce the letters and correspondence with its joint tort-feasor showing that by reason of malicious, wanton, false and oppressive acts of relator plaintiff 'Kurfman was discharged, and showing that relator's servant's agents and attorneys in the line of their duties, willfully, maliciously slandered plaintiff in the most outrageous manner, charging him with perjury. Said acts were not only wilfull and malicious but oppressive and done for the purpose of oppressing and intimidating plaintiff. Under such circumstances, there could be no privilege in the doing of said acts. "Privilege" implies good faith, not the doing of a tortuous act, willfully and maliciously and with the design of injuring and oppressing a citizen. State v. Derry, 20 Mo. App. 522; Calihan v. Ingram, 122 Mo. 255; Hide v. McCabe, 100 Mo. 412; Lamberson v. Long, 66 Mo. App. 253; 9 R. C. L. 177; Jones v. Murray, 167 Mo. 47; Sullivan v. Comm. Co., 152 Mo. 268; Reese v. Fife, 279 S. W. 415. Imputing perjury to one is actionable *per se.* Krup v. Corley, 95 Mo. App. 640; Roney v. Organ, 176 Mo. App. 234. (3) Such order for production is sufficient and in full compliance with all requirements when "it is sufficiently definite as to designate the books, letters and papers desired with such reasonable certainty that the party may know what is required of him."

BLAIR, J.—An original proceeding in prohibition. Respondent is Judge of the Circuit Court of Grundy County and as such made an order upon relator for the production of certain papers, letters, etc. Relator contends this order was in excess of respondent's jurisdiction. Our provisional rule was ordered to be issued. Respondent entered his appearance and filed return to the petition as and for our provisional rule. The facts have been stipulated.

The Chicago, Burlington & Quincy Railway Company, herein referred to as the "Burlington," owned certain railroad tracks in Clay County, Missouri, near Kansas City, and operated its trains thereover. The Chicago, Rock Island & Pacific Railway Company, relator herein, and sometimes referred to as the "Rock Island," leased the use of said Burlington tracks and also operated its trains thereover, under a contract with the Burlington, whereby the Rock Island undertook to defend, and to save the Burlington harmless from, all suits filed against the Burlington due to alleged negligent operation of Rock Island trains over the tracks so leased from the Burlington.

One James M. Smith was section foreman in the employ of the Burlington. He was killed by a locomotive and train of the Rock Island. His widow, as administratrix, sued the Burlington for damages for his death. Under its contract the Rock Island undertook the defense of the case through its regular attorneys. Upon the second trial, said administratrix recovered judgment. The Burlington appealed to this court.

After the Smith case was tried, one James R. Kurfman, a discharged section foreman, filed suit against the Rock Island claiming the modest sum of $260,000 as damages for causing his wrongful discharge by the Burlington and for making certain alleged slanderous statements tending to reflect upon the veracity of Kurfman as a witness in the first and second trials of the Smith case.

Upon Kurfman's motion and over the exception of relator, respondent made the following order:

"Plaintiff's petition or order on defendant to produce for inspection of plaintiff with privilege of making copies of certain papers, letters and documents.

"Coming on to be heard, appeared E. M. Harber on part of plaintiff and Hale Houts on part of defendant and both answering ready for hearing of said petition and application. The court after considering plaintiff's said petition and application and petition in this cause filed, which is and was to said application and petition here considered duly attached and made part thereof and there being no denial of said application and petition to produce said papers, letters and documents therein specified and the same being considered material and competent evidence relating to the merits of said cause and that plaintiff is entitled to have opportunity to inspect and if desired, to make copy thereof. It is therefore ordered by the court that to this end and purpose, the defendant on Wednesday the second day of June, 1926, at the hour of ten o'clock A. M., have and produce at the law office of its local attorney R. E. Kavanaugh at Trenton, Grundy County, Missouri, the following letters, papers and documents in its possession mentioned and described in plain-

tiff's application and petition to-wit, letters or copies thereof written by defendant, its officers, agents and attorneys to and mailed and delivered to the attorneys, officers and agents of the Chicago, Burlington Railway Company on, and between the twenty-second day of October, 1924, and the tenth day of November, 1924, requesting and demanding plaintiff's discharge by the said Chicago, Burlington Railway Company. Also letters written by defendant's attorney's, officers during said time October 22nd, 1924, to November 10th, 1924, to the Chicago, Burlington and Quincy Railway Company, charging and alleging plaintiff had sworn falsely and committed perjury as a witness upon the trial of the cause of Nellie Smith, administratrix, against the Chicago, Burlington and Quincy Railway Company at Maysville, DeKalb County, Missouri about October 22nd, 1924, at which time said case was in said court tried.

"That defendant having as it to the satisfaction of the court appears, letters written to it, its agents and officers by the officers and agents of the Chicago, Burlington and Quincy Railway acknowledging receipt of letters above mentioned of defendant, its officers, agents, and attorneys and admitting and showing plaintiff was discharged from his employment with the Chicago, Burlington and Quincy Railway Company about November first, 1924, by reason of the letters and charges of defendant, its officers, agents and attorneys made against him, plaintiff, said letters so written by said Chicago, Burlington and Quincy Railway being so written on and between October 22nd, 1924, and November 10th, 1924. A more particular description thereof plaintiff is unable to give nor does defendant request such description or deny possession thereof.

"The foregoing is ordered filed and entered as part of proceedings of this court, May 25, 1926.

"L. B. WOODS, Judge."

I. Prohibition is the appropriate remedy, if respondent has in fact exceeded his jurisdiction as circuit judge in making the order here challenged. [State ex rel. v. Trimble, 254 Mo. 542.] The rem-

**Remedy.** edy by appeal is inadequate to meet the situation, if in fact the respondent exceeded his jurisdiction in making the order, because the alleged invasion of relator's rights will have occurred and whatever damages it will be compelled to suffer will have accrued before an appeal on the merits can be decided.

II. We find no merit in relator's first contention that respondent's order constitutes a roving commission to Kurfman and his attorneys to examine into the private affairs of relator, regardless of the materiality, competency or relevancy of any of the letters mentioned

in the order.  The first count of the petition in Kurfman's case charged that relator wrongfully caused his dis-

**Roving Commission.** charge by the Burlington.  The order recites that said petition was attached to and made a part of Kurfman's motion. If there are in existence any letters from the Rock Island or its attorneys and agents having a bearing upon the cause of Kurfman's discharge by the Burlington, such letters would be relevant and material evidence.  It is said that they would be privileged communications between client and attorney.  That question will be considered later.  Letters of a particular kind are described in the order and relator is required to produce them at the office of its attorney for inspection and copy by Kurfman and his counsel.  If there are no such letters, relator can so show in its return to said order.  The order certainly constitutes no roving commission.

III.  Relator's second contention is equally without merit and is fully answered by what we have already said in Paragraph II.  If letters or copies thereof are in existence, in which relator or its attorneys or agents requested or demanded that

**Materiality.** Kurfman be discharged by the Burlington, and if relator has letters from the Burlington, acknowledging receipt of relator's letters on the subject of Kurfman's discharge, they certainly are material and have an important bearing upon the issues raised by the petition in Kurfman's case against relator.

IV.  Similarly without merit is relator's third contention that respondent's order is not supported by any verified application stating that relator has any such letters or copies of letters in its pos-

**Affidavit.** session or control.  The petition for such order and alleging such facts does not appear to have been sworn to, but such verification is not required by Section 1378, Revised Statutes 1919, under which respondent's order was issued.  While the record does not disclose formal proof of notice to relator of the filing of the petition for the order, the order itself recites the presence and participation of relator's counsel when the order was made.

V.  Relator's contentions 4 and 5 will be noticed later.  Contention 6 is that the petitioning for and procurement of respondent's order are part of a scheme or conspiracy to intimidate relator and wrongfully recover damages in the cases of Smith, Administratrix, v. Burlington, and Smith, Administratrix, v. Rock Is-

**Conspiracy.** land, and Kurfman v. The Rock Island.  No evidence of any unlawful conspiracy appears in the record.  Kurfman had the right, regardless of his motives, to the issuance of the order in his case against relator, if the letters and copies of letters described

in his petition are relevant and material to the issues involved in said suit. Obviously, the fact that the production of such letters might also disclose evidence useful in the Smith cases cannot prevent Kurfman from the exercise of his right to inspect and copy said letters, if he is otherwise entitled to such inspection and copy.

VI. In its contention 7 relator invokes State and Federal constitutional provisions against unreasonable searches and seizures and guaranteeing the equal protection of the law and due process of law and also invokes the Missouri constitutional provision for the administration of right and justice without denial. [U.

**Search and Seizure.** S. Constitution, Sec. 1 of Amendment XIV and Amendment IV; Missouri Constitution, Sec. 11, Art. II; Sec. 30, Art. II, and Sec. 10, Art. II.] Only unreasonable searches are prohibited. An order requiring the production of letters and copies of letters relevant and material to the issues on trial and permission to the opposite party to inspect and take copies of such letters in no sense amount to an unreasonable search, at least unless such letters are privileged communications. Relator has cited no authority to the contrary and we think none can be found.

Relator was required to produce letters or copies thereof written to the Burlington between October 22, 1924, and November 10, 1924, by the Rock Island, its officers, agents and attorneys, "requesting and demanding plaintiff's (Kurfman's) discharge by said Chicago, Burlington & Quincy Railway Co." and letters between the same dates "charging and alleging plaintiff (Kurfman) had sworn falsely and committed perjury as a witness," etc.

Kurfman was given no authority to go to relator's files and search for such letters, although relator's expressed apprehension might justify the belief that Kurfman had been given such authority. Relator was required to produce such letters. If no such letters are in existence, it could not be required to produce them. If they are in existence and in relator's possession, as charged in Kurfman's motion and are not privileged communications, it would seem that they are relevant and material and that Kurfman is entitled to inspect the same and to take copies thereof and none of relator's constitutional rights were invaded, either as to the security of his papers or by being deprived of due process of law.

VII. The only contention of relator remaining to be considered is that the enforcement of respondent's order will require it to produce communications between attorney and client which

**Confidential Communications.** are confidential and therefore privileged. We regard this as the serious question in the case.

Under the arrangement between the Burlington and the Rock Island, whereby the Rock Island undertook to defend suits brought

against the Burlington growing out of the use of the Burlington tracks by the Rock Island, the Burlington clearly was the client of the attorneys furnished to it by the Rock Island (relator ) to defend the case of Smith, Administratrix, v. The Burlington. Communications between the Burlington and the said attorneys of relator, with reference to the conduct of the litigation, would be privileged communications. [40 Cyc. 2375 and 2379; State v. Dawson, 90 Mo. 149, l. c. 154.]

Such communications would not be competent evidence because they would be privileged communications. In so far as the order undertook to require relator to produce copies of the letters written by its attorneys representing the Burlington in the case of Smith, Administratrix, v. The Burlington, the order is too broad, because it calls for the production of privileged communications which, upon proper objection, would not be admissible in evidence. [18 C. J. 1130; Travelers' Ins. Co. v. Jackson, 206 N. W. 98; Cully v. Northern Pacific Railway Co., 77 Pac. 202; Stapley v. Canadian Pacific Railway Co., 5 Alberta L. R. 341.]

It would seem that the same privilege cannot be invoked as to letters, if any, written by authorized agents or attorneys of relator who did not bear the relation of attorneys to the Burlington. To be privileged such communications, whether made by the client to the attorney or by the attorney to the client, must be made during the existence of the relationship and must have been made because of such relationship. [40 Cyc. 2366 and 2367.] If relator has in its possession letters or copies of letters written by its authorized agents or attorneys (other than those of its attorneys who represented the Burlington) and if such letters asked for the discharge of Kurfman or charged him with perjury, no good reason appears why such letters are not competent, relevant and material evidence and hence properly subject to the order for their production for inspection and copy.

The order appears to be too broad in another respect. It would seem that any letters written by attorneys and agents of relator subsequent to the discharge of Kurfman would not be letters written in the scope of the agency of the writers in effecting for relator the discharge of Kurfman. Whatever was said in such letters, if anything, about such discharge after it occurred would be merely hearsay and not binding on relator and therefor inadmissible in evidence. Respondent could not properly order relator to produce letters of that sort even though they were not privileged communications.

VIII. As the order made by respondent called for letters written after the alleged date of Kurfman's discharge and as said order is also susceptible of the construction that relator must produce for

inspection letters and copies of letters written to the Burlington by its attorneys, which may be privileged communications, the order in such respect and to that extent was too broad. Respondent exceeded his jurisdiction in making the order so broadly. There is no way this court can modify the order or limit its effect. All we should do is to prohibit the enforcement of the order as a whole and as made by the respondent, leaving him free hereafter to proceed along lines not herein declared to be improper.

For the reasons stated, our provisional rule upon respondent is made absolute.

All concur, except *Gantt, J.*, not sitting.