THE STATE EX REL. JAMES R. PAGE, Prosecuting Attorney of Jackson County, v. BEN TERTE, Judge of Circuit Court of Jackson County.—25 S. W. (2d) 459.

Court en Banc, February 26, 1930.

926

*James R. Page,* relator, *pro se.*

*H. C. Waltner* and *Rodman L. Henry* for respondent.

FRANK, J.—Original proceeding in prohibition. Relator, as Prosecuting Attorney of Jackson County, seeks to prohibit respondent, Judge of the Circuit Court of said county, from making and enforcing an order in the cases of State of Missouri v. D. L. Piggott et al., Nos. 10961, 10962 and 10963 pending in said circuit court, requiring relator to produce for the inspection of the defendants in said causes, written statements of witnesses and other documents and papers alleged to be in the possession of said relator.

Briefly stated, the pertinent facts appearing in the petition are that on August 15, 1929, three indictments against D. L. Piggott et al. were pending in the Circuit Court of Jackson County, each charging said defendants with murder in the first degree. There was and is endorsed on the back of each of said indictments the names of seventy-seven witnesses. On August 16, 1929, defendant Piggott

was duly arraigned in Criminal Division A of said circuit court and entered a plea of not guilty. On defendant's application a change of venue was awarded, and said causes were sent to respondent. Judge of Criminal Division B of said court. On August 20, 1929, defendant Piggott filed a motion in said court in which he prayed for an order requiring relator to produce for his inspection written statements made by the witnesses whose names were indorsed on the informations, as well as other papers and documents in relator's possession. This motion reads:

"Comes now defendant D. L. Piggott by his attorneys in the three above entitled causes and prays the court for an order on the State of Missouri and the Prosecuting Attorney for Jackson County, Missouri, James R. Page, to produce for the inspection of defendant in said causes the written statement or statements of the following named witnesses now in possession or under the control of the said James R. Page, Prosecuting Attorney, together with all deeds, mortgages, bills of sale, books, documents, papers or other written copies of evidence now in his possession, charge or control, connected in anywise with said causes, to-wit: [Here follows names of witnesses.]

"Defendant says that said statements of said witnesses and such deeds, mortgages, bills of sale, books, documents, papers or other written evidence is or may be material to the issues in said cause."

Respondent, as judge of said court, heard this motion on August 26, 1929, and at the conclusion of said hearing, announced that he was bound to follow the opinion of this court in State of Missouri v. Tippett, 317 Mo. 319, 296 S. W. 132, and make an order compelling relator to produce for defendant's inspection the written statements of witnesses and other documents called for in said motion. Thereafter, upon application of relator, our provisional rule in prohibition issued, prohibiting the making of said order. Respondent made return to the provisional rule in which the facts heretofore stated are admitted. Other facts are alleged in the petition for the writ and in respondents' return which we deem immaterial to a determination of the issue presented.

Respondent contends that our decision in State v. Tippett, 317 Mo. 319, 296 S. W. 132, 135, authorizes the making of the proposed order.

At the October Term, 1929, Division One of this court overruled the Tippett case in an opinion written by GANTT, J., in the case of State ex rel. Missouri Pacific Railroad v. Willard P. Hall, Judge of the Circuit Court of Jackson County, et al., 325 Mo. —, 27 S. W. (2d) 1027. Because the opinion in that case overruled the Tippett case, it was transferred to Court en Banc, where it is still pending. We approve the law as stated in the opinion in that case, and re-state it

here as the law—applicable to and decisive of this case. It is as follows:

"Respondents contend the order is authorized by State v. Tippett, 296 S. W. 132, l. c. 135. In that case it was charged that an automobile driven by the defendant collided with one Fitzpatrick, and that defendant left the scene of the occurrence without giving the information required by law. In the course of the opinion we said:

" 'Sometime after his arrest, Tucker, contemplated witness for the State, gave the prosecuting attorney a written statement relative to the accident. Defendant filed a motion to inspect the statement, which the court denied. The contemplated use was then disclaimed by the prosecuting attorney, nor was it used in the trial. The motion goes no further than requesting a rule on the prosecuting attorney to examine a written statement given him by Tucker relative to the accident and then in his possession. This was a document, and, provided it tended to impeach Tucker, was admissible on the part of defendant for that purpose. The general rule denying the inspection of documents in the hands of an adverse party has been greatly relaxed in modern cases. In civil cases an inspection of documents in the hands of opposing parties, such as papers, contracts, and corporation records, upon motion have been allowed. The cases seem to hold that it is a matter of indifference whether the document to be examined may be of actual benefit to the party filing the motion to inspect. If from the motion the document may be material, the right of inspection obtains. In the instant case the request for inspection relates to a statement given by Tucker relative to Fitzpatrick losing his life on State Highway No. 25, north of Bernie. The motion then shows that the statement may be material. We are unable to perceive why the privilege should not obtain in a criminal case, although we have been unable to find an authority in point. However, State ex rel. v. Wood (Mo. Sup.), 292 S. W. 1033, a civil case, has a bearing on the question. The prosecuting attorney is both an officer of the State and of the court, and his duty extends no further than an impartial, fair and just trial of defendant. If Tucker's statement comprised the truth, it would have availed defendant nothing in the inspection of it. If in any manner it tended to show that defendant was not guilty of the offense charged, he was entitled to the benefit of it. That it was desired that the State's evidence remain undisclosed, partakes of the nature of a game, rather than judicial procedure. The State in its might and power ought to be and is too jealous of according a defendant a fair and impartial trial to hinder him in intelligently preparing his defense and in availing himself of all competent material and relevant evidence that tends to throw light on the subject-matter on trial. Inasmuch as we reverse the judgment and remand

the cause on another point, it is unnecessary to decide whether the ruling of the trial court on the record constituted prejudicial error. But we do hold that the right to inspect the statement obtained.'

"The only authorities we have found tending to support this pronouncement follow: Sprinkle v. State, 102 So. (Miss.) 844; Chesapeake & O. Ry. Co. v. Swartz, 80 S. E. (Va.) 568, l. c. 571.

"On the other hand, in State v. Fitzgerald, 130 Mo. 407, l. c. 424, 32 S. W. 1113, the trial court overruled a motion, filed before the taking of testimony, to compel the prosecuting attorney to produce in court a written statement of the defendant relative to his connection with the homicide, and in ruling the question we said:

" 'No reason has been assigned wherein there was error in overruling this motion. It is true that it is said the statement was necessary and material to the defendant in the preparation and proper presentation of his defense, but as to wherein or how material we are left to conjecture.

" 'Nor has it been made apparent to us why it was necessary, for the purpose claimed by defendant.

" 'Moreover, it was the evidence of the State, and if defendant's contention be correct, he could, for like reason and upon the same principle, have asked the court to require the State to produce its witnesses before his counsel for their examination in regard to their knowledge of the case, that he might thereby be better prepared to make his defense; something for which no lawyer would contend. At most, it was a matter resting in the discretion of the court, and it did not act unwisely in overruling the motion.'

"Furthermore, the courts of the country have decided the question contrary to the pronouncement in the Tippett case. This is indicated by decisions in other jurisdictions which follow: People ex rel. Lemon, Dist. Atty., v. Supreme Court of State of New York et al., 156 N. E. 84; State v. Hall, 175 Pac. 267; State v. Yee Guck, 195 Pac. 363, l. c. 365; Taylor v. State, 221 S. W. 611, l. c. 614; Tinker v. State, 253 S. W. 531, l. c. 532; Davis v. State, 270 S. W. 1022; State v. Bankston, 116 So. 565, l. c. 566; Currie v. State, 279 S. W. 834, l. c. 836; Santry v. State, 30 N. W. 226.

"We correctly stated the rule in the Fitzgerald case, and the pronouncement on the question in the Tippett case is overruled.

"We next consider the question as presented in this proceeding. In State ex rel. v. Broaddus, 245 Mo. 123, l. c. 141, 149 S. W. 473, we held that a party on the taking of his deposition could not be compelled to disclose names of witnesses ascertained by investigation subsequent to the injury of plaintiff. From this it would seem that a litigant could not be compelled by an order of court to disclose the facts as reported to him by witnesses to the occurrence.

"However, the statute having superseded bills of discovery (Bond

v. Worley, 26 Mo. 253), authority for the order must be found in Section 1378, Revised Statutes 1919, which follows:

" 'The court before which an action is pending, or a judge thereof, in vacation, may, in his discretion, and upon due notice, order either party to give to the other, within a specified time, an inspection and copy, or permission to take a copy, or to make a photograph of a paper in his possession or under his control, containing evidence relating to the merits of the action or defense therein. If compliance with the order be refused, the court, on motion, may exclude the paper from being given in evidence, or punish the party refusing as for contempt, or both.'

"The party proceeding under the statute has the burden of showing some basis for an inference that the paper contains material evidence. [State ex rel. v. Trimble, 254 Mo. 542, l. c. 553, 163 S. W. 860.] Did respondent Murphy's petition for the order tend to show any such basis? We do not think so. The statements were made subsequent to the occurrence, are hearsay and not admissible in evidence. [State ex rel. v. Wood, 316 Mo. 1032, l. c. 1040, 292 S. W. 1033.] In this situation respondents are reduced to the contention that in the course of the trial the statements may be available for impeachment. This possibility will not sustain the order. The lawmakers intended no such use of the statute. The power granted is for litigants who, in good faith, seek material evidence by showing some basis for a belief that the adversary party is in possession of papers subject to inspection and containing such evidence. The statement made by respondent Murphy to the claim agent would not be used by him for impeachment, and the employees of relator may not be called as witnesses. The proceeding for the order is an effort to pry into the preparation of the defendant for trial. This is condemned by all of the authorities. [10 R. C. L. 1091.] In preparing for trial, the plaintiff and defendant have the right to interview persons acquainted with the facts. If an interview is refused, depositions may be taken."

It clearly appears from the opinion above quoted that the respondent's authority to make the proposed order of production must be found in Section 1378, Revised Statutes 1919. Turning to that section we find that the court before which an action is pending may order either party to give the other an inspection and copy of any paper in his possession or under his control, *containing evidence relating to the merits of the action or defense therein.* By the plain terms of this statute the court is not authorized to order the production of a paper unless it contains evidence material to the pending action. It therefore follows that the burden is on the party seeking an order to produce, to bring himself within the terms of the statute by alleging in the application for the order, facts sufficient to

identify the papers called for and from which the court could reasonably infer that such papers contain evidence material to the merits or defense of the action in which the order is sought. Otherwise the court would not be authorized to make the order. [State v. Fitzgerald, 130 Mo. 407, 424, 32 S. W. 1113; State ex rel. v. Trimble, 254 Mo. 542, 553, 163 S. W. 860.]

In the case at bar, the application for the order does not measure up to the requirements of the statute. It calls for the production of all deeds, mortgages, bills of sale, books, documents, papers or other written copies of evidence in the hands of the prosecuting attorney, which are in any way connected with the case then pending. There is no hint or suggestion as to the contents of these documents, and no facts are alleged tending to show that they contain any evidence material to the defense of the party asking for their production. It is true that the application for the order states that such documents are or may be material, but such an allegation is a mere conclusion of the pleader and presents no issue.

In 10 Ruling Case Law, page 1092, Section 292, the rule is thus stated:

". . . But a party to a pending action has no right to call for the books, papers, and documents of his adversary merely for the purpose of entering into a 'fishing examination' of them. To authorize their production, there must be a substantial showing that the book, paper, or document sought for contains material evidence in support of the cause of action or defense of the party asking for it. A mere suspicion that it contains such evidence does not warrant an order for its production. The enactments upon the subject generally make it a condition that the books, etc., required shall contain evidence relating to the merits of the case."

The application for the order also asks for the production of written statements of certain named witnesses. No reason is assigned why these statements should be produced, and no facts are alleged which tend to show that the statements contain evidence material to the defense of the party asking for their production. Besides the written statement of these witnesses would be hearsay, and therefore not admissible in evidence except by way of impeachment in event the witness testified to a state of facts different from those contained in the written statement made by him. The statute does not authorize the court to order the production of papers in the absence of a showing that they contain evidence material to the issues in the pending case. The fact that it cannot be determined in advance of the trial whether the written statement of a proposed witness will become material or competent for any purpose, clearly shows that the statute does not authorize the enforced production of such statements.

The making of the order here challenged would be an act in excess of respondent's jurisdiction as Judge of the Circuit Court. [State ex rel. v. Trimble, 254 Mo. 542, 558, 163 S. W. 860.] Where an act beyond jurisdiction or in excess of jurisdiction is threatened, prohibition is the proper remedy. [State ex rel. Smith v. Williams, 310 Mo. 267, 275 S. W. 534.]

For the reasons stated, it follows that our provisional rule should be made absolute. It is so ordered. All concur, except *Walker, J.*, absent.