**STATE of Missouri ex rel. John C. DAN-FORTH, Attorney General of Missouri, Relator,**

v.

**James T. RILEY, Judge, Nineteenth Judicial Circuit, Respondent.**

**No. KCD 26421.**

Missouri Court of Appeals, Kansas City District.

July 23, 1973.

Motion for Rehearing and/or Transfer Denied Sept. 4, 1973.

John C. Danforth, Atty. Gen., Harvey M. Tettlebaum, Asst. Atty. Gen., Jefferson City, for relator.

E. J. Murphy, Butler, for respondent.

Before DIXON, C. J., and SHANGLER, PRITCHARD, SWOFFORD, WASSERSTROM and SOMERVILLE, JJ.

SWOFFORD, Judge.

This is an original proceeding in prohibition seeking to prevent the respondent from enforcing an order that relator answer certain interrogatories propounded to him in a suit pending in the Circuit Court of Cole County, Misssouri.

The underlying action is entitled "State of Missouri ex inf. John C. Danforth, Attorney General vs. Ruben A. Schapeler, Cause No. 24965". It was brought by the Attorney General in his official capacity by authority of Section 27.060 RSMo 1969, V.A.M.S., and is a civil action wherein he seeks recovery on behalf of the State from the defendant of certain travel and subsistence expenses paid to the defendant in his capacity as Director of the Dairy Division, Department of Agriculture of the State of Missouri. It is alleged that these items of travel and subsistence expense were improperly paid to defendant Schapeler under the applicable statutes and rules and regulations of the Comptroller of the State of Missouri adopted pursuant to statutory authority, which rules and regulations it is asserted apply to all "officials and employees" of the State.

In the course of this litigation, pursuant to Rule 56, V.A.M.R., the defendant propounded six (6) interrogatories to the plaintiff. He answered the first two of these, but objected to the other four. The objections thus made were briefed and argued and thereafter the respondent entered an order requiring that the plaintiff answer these interrogatories within fifteen (15) days. Within that time, this prohibition proceeding was filed. The Relator claims that the Respondent exceeded his jurisdiction by ordering him to answer these interrogatories since they are an attempt to obtain inadmissible information; are not likely to lead to the discovery of admissible evidence; and are outside the scope of permissible discovery. He asks that our preliminary writ be made absolute.

■ Prohibition is the proper remedy where a trial court has ordered discovery to be made and where such order exceeds its jurisdiction or is an abuse of its discretion. State ex rel. Williams v. Buzard, 354 Mo. 719, 190 S.W.2d 907 (banc 1945); State ex rel. Uregas Service Co., Inc. v. Adams, 364 Mo. 389, 262 S.W.2d 9 (banc 1953); State ex rel. Headrick v. Bailey, 365 Mo. 160, 278 S.W.2d 737 (banc 1955);

State ex rel. Gray v. Jensen, 395 S.W.2d 143 (Mo. banc 1965).

■ The scope of our review of the trial court's action is presently well defined and limited. We reaffirm the general premise that our modern rules of discovery are intended to "provide a party with access to anything relevant to the proceedings and subject matter of the case not protected by privilege". State ex rel. Houser v. Goodman, 406 S.W.2d 121 (Mo. App.1966). We also recognize that in this area, a trial judge can rule on interrogatory problems from a point of better vantage and with greater knowledge of the issues presented in the underlying litigation, than can this or any other appellate court in a prohibition proceeding. Prohibition will not lie to control discretionary judicial action of a lower court and it is only in rare instances that it can be said that a trial court's ruling with respect to objections to discovery interrogatories constitutes such an abuse of discretion as to be devoid of jurisdictional substance and require the compulsion of the extraordinary writ of prohibition. Our function here is to determine from the record before us whether as a matter of law the trial court abused its discretion in overruling relator's objections to the interrogatories in the underlying case. State ex rel. Norfolk and Western Railway Company v. Dowd, 448 S.W.2d 1 (Mo. banc 1969).

The interrogatories here involved, directed to the Attorney General, are as follows:

"3. Are there employees, including Assistant Attorneys General, of the Office of the Attorney General of the State of Missouri whose 'official domiciles' are not in Jefferson City, Missouri?

4. If your answer to Interrogatory No. 3 is in the affirmative, state the name and present address of the person or persons whom you claim selected the 'official domicile' of such persons.

5. If your answer to Interrogatory No. 3 is in the affirmative do such per-

sons submit travel and expense vouchers while in Jefferson City on official business?

6. If your answer to Interrogatory No. 5 is in the affirmative state to whom said travel and expense vouchers are submitted for approval."

The objections directed to each of these interrogatories (identical as to each) are, 1, they are irrelevant and immaterial; 2, are not "likely" or "reasonably calculated" to lead to admissible evidence; and 3, are sought for the purpose of "trial strategy" and not for the purpose of "discovery".

We have carefully read the record and supporting exhibits, the briefs in this case and authorities cited, and have concluded that the respondent did not act in excess of his jurisdiction nor abuse his discretion as a matter of law and that our preliminary writ should be quashed.

As above noted, the underlying suit seeks to recover travel and subsistence expense paid to the defendant therein as an official of the Department of Agriculture upon the basis that he was wrongfully paid such sums improperly claimed by him during a period from January 1969 to August 1, 1970. These expense items were paid upon monthly expense accounts submitted by the defendant to his superior, the Commissioner of the Missouri State Department of Agriculture, upon standard forms used for that purpose by all officials and employees of the State of Missouri for the purpose of reimbursement of expense. It appears that the Commissioner thereupon approved such monthly accounts, forwarded them to the Comptroller of the State of Missouri, and that in due course the sums were paid to the defendant in the underlying suit.

The Attorney General, relator here, claims that the defendant was ineligible to receive such travel and subsistence expense under the rules and regulations of the Comptroller because his "official domicile" and "working location" were in Jefferson City, Missouri and his "residence" was in Butler, Missouri, and that the expense items in controversy were for travel to and from his Butler "residence" to his Jefferson City "official domicile" and for subsistence while in Jefferson City. The Attorney General asserts that such items were not reimbursable. The defendant below just as vigorously asserts that such expense was reimbursable. Therein lies the principal issue in the suit below—one which we need not and do not attempt to presently decide.

All parties seem to be in accord that whatever rights or liabilities exist as to these expense accounts rest upon the applicable rules and regulations of the Comptroller. The genesis of such rules and regulations is found in Section 33.090 RSMo 1969, V.A.M.S., which provides:

"Established rules concerning travel and subsistence.

The comptroller shall be empowered to promulgate rules and regulations governing the incurring and payment of reasonable and necessary travel and subsistence expenses actually incurred on behalf of the state, which rules and regulations shall take effect not less than ten days after the filing thereof in the office of the secretary of state."

That the comptroller did promulgate rules and regulations; that they were filed in the office of the Secretary of State; that they were in force and effect at the times involved in the underlying suit, and were binding on all state officials and employees, is not here in dispute.

The rules thus adopted which bear directly upon and are relevant to the subject matter of the suit below provide:

"*Rule 12.* An officer or employee whose *residence* is in some other place than his *official domicile* will not be allowed expenses while at such *residence* or traveling to and from the same. Any additional expense incurred by reason of an employee or official residing in a city

or town other than his *official domicile* is not reimbursable.

The location of the *official domicile is to be selected* on the basis of the *actual working* or *headquarters location* as best serves the interests of the State and not for the convenience or benefit of the employee. Place of official domicile must be listed on the expense account." (Emphasis ours)

*"Rule 13.* No officer or employee of the State whose residence is in Jefferson City or who is continuously employed at the seat of government will be allowed expense for hotel or meals in Jefferson City, unless otherwise provided for by the laws of the State."

■ The rules adopted pursuant to statutory authority are properly denominated "legislative" rules and should be accorded the force and effect of law, unless and until they are invalidated by judicial decision or repealed or amended by legislative enactment. To reduce their impact below this status would be to render them inoperative and unenforceable.

The comptroller by adopting them was acting in a "legislative capacity supplementing the statute, filling in the details" and acting pursuant to a specific delegation of legislative power. 1 Am.Jur.2d, Administrative Law, Section 95, pp. 892, 893, and Section 126, pp. 935–936. While research has not disclosed a Missouri decision which directly declares this principle as to administrative rules and regulations made under legislative authority in Missouri, our courts have recognized the application of this rule with reference to congressional delegation of "legislative" rule-making powers as applicable to federal administrative agencies. DePass v. B. Harris Wool Co., 346 Mo. 1038, 144 S.W.2d 146 (1940) (ICC Rules and Regulations); Fredrick v. Benson Aircraft Corp., 436 S.W.2d 765 (Mo.App.1968) (FAA Rules and Regulations).

■ Section 33.090 RSMo 1969, V.A.M.S., has never been before a Missouri appellate court for interpretation and there are no reported cases involving the rules and regulations of the comptroller promulgated thereunder. The forms used by the comptroller with reference to the expense accounts have been said to be in the public interest and a necessary aid to the comptroller and state auditor in carrying out their duties contemplated thereunder. Opinion Attorney General No. 3, Attebury, 5–23–55. Section 33.090 RSMo 1969, V.A.M.S., is unambiguous and clearly empowers the comptroller to adopt rules and regulations regarding travel and subsistence expense. Rule 12 and Rule 13, on the other hand, seem to be somewhat ambiguous or at least vague and open to legitimate argument as to what they really mean.

In such a situation, absent any judicial interpretation of their meaning, it is permissible for the parties and the court to look for aid to the executive or administrative interpretations which have been placed upon them. While such would not be binding on the court, they would properly be given weight and might carry great persuasive influence in the ultimate judicial decision as to legal significance and effect of Section 33.090 RSMo 1969, V.A.M.S., and Rule 12 and Rule 13. Foremost Dairies, Inc. v. Thomason, 384 S.W.2d 651, 659 (Mo. banc 1964); England v. Eckley, 330 S.W.2d 738, 743–744 (Mo. banc 1960); and cases cited 26 Missouri Digest, Statutes, Section 219.

It would appear that the interrogatories complained of seek just that character of discovery information—the executive or administrative interpretation placed upon those rules by the Attorney General in his own office.

■ What better source is available? The Attorney General is not only the moving party in the underlying suit, but is also the relator here. He is the elected head of a constitutionally established executive department of our government. Article 4,

Section 12, Constitution of Missouri, 1945, V.A.M.S. He is the chief law officer of the state, charged with the enforcement of state law, devotes full time to those duties, acts as counsel for all other executive branches of the state government, including the comptroller, and represents the state in all proceedings in law or equity. Sections 27.010, 27.060, RSMo 1969, V.A.M.S. In addition, he is obligated to give his legal opinion to the General Assembly, all state executives, heads of any state departments, and any circuit or prosecuting attorney, upon any question of law relative to their respective offices or the discharge of their duties. Sec. 27.040 RSMo 1969, V.A.M.S. Such opinions while advisory and not judicial, are in many instances given great weight by the courts. 7 Am.Jur. 2d, Attorney General, Section 8, pp. 8–10.

The Attorney General has not issued any formal opinion on this subject, but the rule above expressed is generally applied to *informal* (as well as formal) *interpretation* and *practical construction*. This principle is expressed in 2 Am.Jur.2d, Administrative Law, Sec. 241, p. 66,

"The formal or informal interpretation or practical construction of an ambiguous or uncertain statute or law by the executive department or other agency charged with its administration or enforcement is entitled to consideration and the highest respect from the courts, and must be accorded appropriate weight in determining the meaning of the law, * * * *"

The interrogatories with which we are here concerned are within the legitimate areas of discovery as contemplated by Rule 56 and Rule 57 and the respondent neither exceeded his jurisdiction nor abused his discretion in overruling the objections thereto.

Our preliminary writ in prohibition was improvidently issued and is quashed.

All concur.