Dear Dr. Antonio:
This is in response to your request for an opinion as follows:
 Do the State Travel Regulations, 1 CSR 10-11.010, apply to the employees of the Missouri State Employees' Retirement System [MOSERS]?
Section 33.090, RSMo 1978, provides:
 The commissioner of administration shall be empowered to promulgate rules and regulations governing the incurring and payment of reasonable and necessary travel and subsistence expenses actually incurred on behalf of the state.
Section 104.470.4, RSMo Supp. 1982, provides:
 Employees of the system shall receive such salaries as shall be fixed by the board and their necessary travel expense within and without the state as shall be authorized by the board.
In rendering this opinion, we are mindful of State ex rel.Danforth v. Riley, 499 S.W.2d 40 (Mo.App. 1973), in which the Western District Court of Appeals stated in dicta that regulations promulgated pursuant to Section 33.090 were "`legislative' rules and should be accorded the force and effect of laws . . . ." Id.
at 44. Therefore, for purposes of this opinion, we will accord the regulations of the Commissioner of Administration found at1 CSR 10-11.010 the force of law.
The rules of statutory construction adopted by the courts of this state require us to seek the intent of the legislature in rendering this opinion. City of Willow Springs v. Missouri StateLibrarian, 596 S.W.2d 441 (Mo. banc 1980). We must assume that the legislature acts with full knowledge of the subject matter and existing law. Bushell v. Schepp, 613 S.W.2d 689 (Mo.App. 1981). Finally, the courts direct that general and special statutes dealing with the same subject are to be harmonized if possible; but to the extent of any disagreement between general and special statutes, the special statute prevails, and if passed later, is an exception to the prior, general statute. Laughlin v. Forgrave, 432 S.W.2d 308
(Mo. banc 1968); State ex rel. McKittrick v. Carolene ProductsCo., 144 S.W.2d 153 (Mo. banc 1940); City of Raytown v. Danforth,560 S.W.2d 846 (Mo. banc 1977).
Section 33.090 was first passed in 1945 by the General Assembly and was amended in 1977 to recognize the reorganization of the executive branch. Regulations promulgated pursuant to Section33.090 were last amended in 1979. Section 104.470 first became law in 1957 and was last amended in 1981.
We believe that the General Assembly was aware of the existence of both Section 33.090 when it first passed Section 104.470 in 1957, and of 1 CSR 10-11.010, when it last addressed Section 104.470. Therefore, we are of the opinion that Section 104.470.4, which specifically authorizes the MOSERS Board of Trustees to authorize travel by MOSERS employees, is an exception to the general travel regulations contained in 1 CSR 10-11.010.
This conclusion is supported on two additional grounds. First,1 CSR 10-11.010(17) (with exceptions not germane here) requires the Office of Administration to approve out-of-state travel prior to that travel taking place. Section 104.470.4 provides that necessary travel expense incurred by MOSERS employees for out-of-state travel are compensable "as shall be authorized by the board." To place MOSER employees under Section 33.090 constraints would be to require a dual authorization — a redundancy not intended by the legislature.
Second, the duties of MOSERS employees are highly complex and technical, requiring familiarity with the intracacies of the financial world and an ability to react quickly to financial events with potential impact on the system. The maintenance of such familiarity and the preservation of a working relationship with members of the financial community require MOSERS employees to have flexibility to travel as needs arise. We believe that the General Assembly acknowledged the realities of MOSERS management needs by its passage of Section 104.470.4 and intended that MOSERS employees be an exception to Section 33.090 and 1 CSR 10-11.010. Clearly, the MOSERS Board of Trustees is in the best position to determine the proper limits of travel expenses for MOSERS employees.
CONCLUSION
It is the opinion of this office that State Travel Regulations,1 CSR 10-11.010, do not apply to the employees of the Missouri State Employees' Retirement System.
Very truly yours,
 JOHN ASHCROFT Attorney General