# THE STATE v. KOPLAN, Appellant.

## Division Two, February 25, 1902.

1. **Indictment:** LARCENY: VALUE OF GOODS STOLEN: NO EXCEPTION. Where the indictment charges the larceny of a great number of articles of a named aggregate value, but does not state the value of the particular articles proven to have been stolen, the matter can not be considered on appeal, unless there is an exception saved to the overruling of an instruction to acquit because of that defect in the indictment.

2. ———: ———: AGGREGATE VALUE OF GOODS STOLEN. An indictment is not bad because it charges the value of the articles stolen in the aggregate, although it is the better practice, when the articles alleged to have been stolen are of a different character, to assign a value to each article or separate piece of property.

3. **Larceny:** ASPORTATION: FACTS STATED. A servant in charge of a dwelling during the absence of his master, testified that he had nothing to do with the removal of the books from the house; that he sold books, worth $365, to defendant for $4.50, and that defendant carried them from the library, some of them in sacks, and put them in a wagon which he had in an alley near the house. Defendant knew of the absence of the owner of the house, that his servant was in charge, and inquired of him if he had any books to sell. *Held*, that the physical facts are inconsistent with the idea that he did not participate in the theft, and that the asportation was not that of the servant alone.

4. ———: TESTIMONY OF ACCOMPLICE: WHEN CAUTIONARY INSTRUCTION UNNECESSARY. Where the asportation of the stolen goods (which is necessary to the crime of larceny) is testified to by other witnesses, a cautionary instruction as to the necessity for corroboration of the testimony of an accomplice, that he and defendant stole the goods, is not necessary.

5. ———: ALIBI: OMISSION OF INSTRUCTION. If the defense was an alibi, and the defendant testified that he was not present at the commission of the crime, and the court's attention was called to the fact that the instructions "do not cover the whole law of the case," a failure to give an instruction on that theory of the case, will work a reversal.

State v. Koplan.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferris,* Judge.

REVERSED AND REMANDED.

*S. S. Bass* and *Thos. B. Harvey* for appellant.

(1) It is bad pleading to allege various articles of different kinds to be of an aggregate value. Nothing appears on the face of the indictment to show that the books, the one article proved, was of value more than thirty dollars. The testimony at the trial may show it, but it must appear by the indictment that the grand jury so found. This is horn-book law. Wharton's Cr. Pl. and Pr. (9 Ed.), sec. 206 to sec. 217, inclusive; Clark's Crim. Proc., p. 226. (2) Dryden stole the goods of his master and Koplan bought them of Dryden. The custody of the goods being in Dryden, he committed larceny of them in selling them and authorizing Koplan to remove them; and in buying them and taking them into his possession Koplan was guilty under the section denouncing the buying or receiving of stolen property. Dryden only committed a trespass against the ownership of Judge Spencer, and the property had the character of stolen property in Dryden's possession when he delivered it to Koplan. The asportation by Koplan was Dryden's asportation, and was the completion of Dryden's offense of stealing and the beginning of Koplan's offense of receiving. If Koplan had stolen the books, the property could have been laid in Dryden, the bailee; but as against the ownership of Judge Spencer, Dryden alone was the thief and Koplan the receiver. The price was agreed on one day and Koplan came the next day and took the books away. An offer by servant to sell is sufficient proof of conversion. Rapalje on Larceny, sec. 35; State v. Schingen, 20 Wis. 74. Removal upon order of the thief is an asportation by him. 2 Bishop New Crim. Law, sec. 798; Reg. v. Grunall,

9 Car. & P. 365; State v. Honig, 78 Mo. 249. (3) The defense was an alibi. Therefore, the court should have given an instruction upon this position and only defense upon which appellant "planted" himself and should have told the jury that if they had a reasonable doubt of his presence, they should acquit. State v. Taylor, 118 Mo. 153. (4) The court should have given appellant's instruction on the subject of an accomplice's testimony. If the instruction was not properly drawn, yet it was sufficient to call the attention of the court to the matter, and the court should have drafted a proper instruction. State v. Adler, 146 Mo. 18; State v. Clark, 147 Mo. 20; State v. Davis, 141 Mo. 522. It has been repeatedly held in this State that the court should warn the jury to be cautious in convicting upon the testimony of an accomplice unless corroborated by other witnesses, not connected with the crime, as to matters material to the issue. State v. Chyo Chiagk, 92 Mo. 413; State v. Walker, 98 Mo. 109; State v. Harkins, 100 Mo. 672; State v. Black, 143 Mo. 166; State v. Sprague, 149 Mo. 423.

*Edward C. Crow*, Attorney-General, and *Jerry M. Jeffries* for the State.

The evidence clearly corroborates the accomplice, Dryden; hence, the instruction as to the caution with which the jury should receive the evidence of the accomplice was properly excluded, and even though the instruction should have been given, there is sufficient evidence to convict the defendant and exclude the evidence of Dryden; hence, there was no error. State v. Pratt, 98 Mo. 482; State v. Miller, 106 Mo. 606; State v. Black, 143 Mo. 166. One can be convicted upon the uncorroborated testimony of an accomplice, but in that case the jury must be cautioned by an instruction about receiving such testimony and convicting the defendant on such evidence. Under all the law upon the question, it being

necessary to give such instructions on what evidence will justify a refusal, it seems that where there is no evidence corroborating the accomplice such an instruction must be given, but where there is evidence corroborating the accomplice in his testimony such an instruction need not be given. State v. Jackson, 106 Mo. 174; State v. Woodlark, 111 Mo. 248; State v. Pratt, 98 Mo. 482; State v. Walker, 98 Mo. 95.

BURGESS, J.—Defendant was convicted in the circuit court of the city of St. Louis of grand larceny in feloniously stealing a number of law books and his punishment fixed at two years' imprisonment in the penitentiary, under an indictment charging him and one Louis Dryden with stealing "two dozen silver forks, two dozen silver tea spoons, four hundred law books (or more), one shotgun, three clocks, one seal sacque, one opera cloak, and one lot of bed clothing, of the aggregate value of fifteen hundred dollars, the property of one Selden P. Spencer." He appeals.

The facts briefly stated are about as follows:

In the absence of Judge Selden P. Spencer and his family from their home in the city of St. Louis, during the summer and the month of September, 1900, his residence was left in the charge of one Louis Dryden, a negro servant. In his residence Judge Spencer had his law library of some four or five hundred books.

Sometime in September, 1900, Dryden met the defendant near Judge Spencer's residence, when defendant asked Dryden if there wasn't something there he could buy. This was on the morning of September 27, 1900, at which time Dryden sold defendant some bottles in the cellar. While they were in the cellar getting the bottles defendant asked Dryden if he had any books down in the cellar. He told him yes, and they went to the third floor where the books were, and got from a trunk some rags, which Dryden sold to defendant, and while there Dryden also sold him the law books for four dol-

lars and fifty cents, which defendant returned with his wagon the next day and hauled away. Dryden rendered him no assistance in anyway in removing the books. On his return home the last of September, Judge Spencer found that his law books had been taken, the bedclothing from all of the beds, quilts, spreads, and all of his personal clothing that had been left there, his own and Mrs. Spencer's clocks and silverware, and Judge Spencer's gun had all disappeared. Upon an examination he found that they had been stolen and the negro left in charge had disappeared. He was afterwards apprehended in Kansas City, Missouri, and brought back to St. Louis. It appears from the record and the evidence that Dryden had perpetrated another crime; that he had forged Judge Spencer's name; that he entered a plea of guilty and was sentenced to the penitentiary for five years for that crime.

Before the case against Koplan came for hearing, a nolle prosequi was entered as to the charge against Dryden, and while under sentence on a term in the penitentiary he was used in the trial of this cause as a witness against the defendant.

It is said that the indictment is bad, in that, the various articles therein alleged to have been stolen were of an aggregate value, and as there was nothing on the face of the indictment to show that the books, the only articles proven to have been stolen, were of the value of more than thirty dollars, that the instruction to acquit, requested by defendant at the close of the State's evidence, should have been given.

The action of the court in this regard was a matter of exception, and as the record does not show that an exception was taken and saved at the time to the court's ruling that matter can not be considered on this appeal. [State v. Marshall, 36 Mo. 400; State v. Harvey, 105 Mo. 316; Ross v. Railroad, 141 Mo. 390, and authorities cited; State v. Murray, 126 Mo. 526.]

Nor is there merit in the contention that the indictment

is bad because it charges the value of the articles stolen in the aggregate. While the better practice doubtlessly is, when the articles alleged to have been stolen are of a different character, to assign a value to each article or separate piece of property, it is almost universally held, that an indictment which charges their value in the aggregate is good. [State v. Beatty, 90 Mo. 143, and authorities cited. To which may be added, 2 Hale's P. C. 183; Wharton's Criminal Pleading and Prac. (9 Ed.), sec. 206 to sec. 217; Bacon's Abr., 560; Meyer v. State, 4 Tex. App. 121; Clark's Criminal Procedure, p. 226; State v. Buck, 46 Me. 531; Kelley's Criminal Law and Prac., sec. 648; State v. Mook, 40 Ohio St. 588; 2 Bishop's New Criminal Procedure, sec. 714; 1 McClain's Criminal Law, sec. 586.]

It is insisted that, as Dryden was the servant of Judge Spencer and as such in the possession of the law books which he sold to defendant for four dollars and fifty cents, the asportation of defendant was Dryden's asportation, and that defendant was only guilty of receiving stolen property knowing it to be stolen. Dryden testified that he had nothing whatever to do with the removal of the books, but that defendant himself removed them from the third story of the house, and carried them down from there, some of them in sacks, and put them in his wagon which he had standing in the alley near the house. Under these circumstances can it be said that the removal of the books was Dryden's asportation alone, and not the asportation of both of them. We think not. The evidence all shows to the contrary, and that Koplan was not acting in good faith. The physical facts, namely, the absence of Judge Spencer which he knew, that Dryden was his servant and in possession of his residence and contents, his inquiry of him if he had any books to sell, his purchase of them for the insignificant sum of four dollars and fifty cents when they were worth at least three hundred and sixty-five dollars, are abso-

Vol 167 mo—20

lutely inconsistent with the idea that he did not steal the books. There can be no larceny in the absence of an asportation of the property alleged to have been stolen, but it is immaterial how slightly defendant participated in the asportation (2 Bishop's New Criminal Law (8 Ed.), sec. 794), which in this case was by defendant, but which was the completion of the theft committed by them both.

The books were not removed by defendant by the order of Dryden, but by his knowledge and consent and as part of the execution of the scheme to steal them, in which they were accomplices, and it is said that the court erred in refusing the instruction asked by defendant upon the theory that they were accomplices. It is well settled that when a conviction is sought upon the testimony of an accomplice *alone,* a cautionary instruction, to the effect that the jury are at liberty to convict the defendant on the uncorroborated testimony of an accomplice alone, if they believe the statements as given by such accomplice in his testimony are true in fact and sufficient in proof to establish the guilt of defendant, but that the testimony of an accomplice when not corroborated by some person or persons not implicated as to matters material to the issue, that is, matters connecting the defendant with the commission of the crime charged against him and identifying him as the perpetrator thereof, ought to be received with great caution by the jury, and they ought to be fully satisfied of its truth before they should convict the defendant on such testimony, should be given (State v. Sprague, 149 Mo. 409, and authorities cited), but where there is other evidence than the accomplice, identifying the defendant as the perpetrator of the crime, no such instruction is necessary. Now, while Dryden was not corroborated as to anything that was said in the house, he was as to the asportation of the books, by two disinterested witnesses, William Green and James Osborn, the former of whom testified to having seen defendant put a sack of books in his wagon which was standing in the alley in the rear of

Judge Spencer's residence, and the latter to having seen both Dryden and defendant carrying out books from the same place and pouring them into a wagon standing in the alley at the same place.

The removal of the books was necessary in order to constitute the offense of larceny and the testimony of these witnesses with respect to the larceny connected him with the commission of the crime, hence, no error was committed in not giving a cautionary instruction with reference to the testimony of Dryden as an accomplice.

The defense was an alibi, that is, that the defendant was elsewhere than at the place of the commission of the crime at the time it was committed. The court gave no instruction upon this theory of the case, although defendant testified that he was not present at the commission of the offense, and called the court's attention to the fact that the instructions given "do not cover the whole law of the case," and in this we are of the opinion committed reversible error.

For these considerations the judgment is reversed and the cause remanded. All concur.