## FAY v. UNITED STATES.

Circuit Court of Appeals, Ninth Circuit. December 5, 1927.

No. 5252.

**1. Witnesses ⊜345(1)—Exclusion of question whether government witness had previously been convicted of crime held not error under Idaho statute (Comp. St. Idaho 1919, § 8038).**

In prosecution in Idaho for violation of the liquor law, exclusion of defendant's cross-examination of government witness as to whether he had been convicted of crime in another state about 1½ years before *held* not error, under Comp. St. Idaho 1919, § 8038 (Rev. St. Idaho 1887, § 6082), under which inquiry should have been limited to conviction for felony; there being no rule respecting matter established by federal statute, and common law of England not being controlling.

**2. Criminal law ⊜805(1)—Instruction on defense of alibi held not objectionable, as referring to a single offense, though indictment was in several counts.**

In prosecution under indictment in several counts, instruction, "The defense in this case is what is known in law as an alibi, * * *" *held* not erroneous, as referring to a single offense, whereas, defendant was being tried on several counts, in view of the form of the verdict, requiring separate findings, and fact that jury agreed on some of counts, and disagreed respecting others.

**3. Criminal law ⊜761(11)—Instruction on defense of alibi held not prejudicial, as taking from jury question whether offense was committed by any one.**

In prosecution under indictment in several counts, instruction, "The defense in this case is what is known in law as an alibi; that is, the defendant was not present at the time or place of the commission of the offense charged in the information, if such offense had been committed," *held* not prejudicial, as taking from jury the question whether offense had been committed by any one, even if defendant's exception was sufficient to raise that objection, in view of instructions as to presumption of innocence and reasonable doubt.

**4. Criminal law ⊜775(2)—Court may not withdraw alibi defense from jury, or decline to instruct thereon, merely because evidence thereon is deemed inconclusive or feeble.**

Court may not withdraw an attempted defense of alibi from jury, or decline to instruct thereon, merely because evidence in support of it may be thought inconclusive, or even feeble; but, if supported by any evidence at all, defendant is entitled to have the defense go to the jury and it is not important whether defendant was miles away, or only a few yards from place where crime was committed, at time offense was committed.

In Error to the District Court of the United States for the Southern Division of the District of Idaho; Charles C. Cavanah, Judge.

James T. Fay was convicted of violating the liquor laws (19 F.[2d] 620), and he brings error. Affirmed.

J. P. Pope and Wm. M. Morgan, both of Boise, Idaho, for plaintiff in error.

H. E. Ray, U. S. Atty., and Sam S. Griffin and Wm. H. Langroise, Asst. U. S. Attys., all of Boise, Idaho.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

DIETRICH, Circuit Judge. Plaintiff in error was convicted on four counts, two being for possession of intoxicating liquor at Burley, Idaho, on September 14 and 16, 1926, and the other two, sales at the same place upon each of those days. From a judgment on the verdict, he brings error. Two assignments are argued; one involving the exclusion of evidence, and the other an instruction to the jury.

[1] As bearing upon the credibility of a government witness, counsel for defendant put to him this question: "I will ask you if it is not a fact that in Brigham City, Utah, * * * you were convicted of a crime about a year and a half ago?" Upon counsel's declination to limit the inquiry to a felony, the court sustained the government's

objection. Section 6082, Rev. Stat. Idaho, 1887, in existence when Idaho became a state and still in force (Comp. Stat. Idaho 1919, § 8038), provides that "a witness may be impeached by the party against whom he was called, by contradictory evidence, or by evidence that his general reputation for truth, honesty, or integrity is bad, but not by evidence of particular wrongful acts, except that it may be shown by the examination of the witness, or the record of the judgment, that he had been convicted of a felony."

It is believed the rule it embodies in respect to the point under consideration has, from the beginning, been consistently observed by the federal court in that district. Such conformity is within the reasoning of Rendleman v. United States (C. C. A.) 18 F.(2d) 27, and while, as was said in Neal v. United States (C. C. A.) 1 F.(2d) 637, it may be that the rules of evidence which prevailed in a territory at the time it was admitted as a state "are not to be inflexibly applied in the federal courts of that district, but are subject to modification from time to time as the trend of judicial authority and legislative enactment required," no such reasons are here presented.

The two cases relied upon by plaintiff in error, from this circuit, lend him little support. In Smith v. United States (C. C. A.) 10 F.(2d) 788, the statement that the witness might have been asked "whether he had been convicted of a crime" was used in arguendo, and must be construed with reference to the point then under consideration. There was no call for a careful limitation. In Merrill v. United States (C. C. A.) 6 F.(2d) 120, the court deferred to an established practice in Oregon, where the case arose, thus recognizing the principle of conformity which prevailed in the trial of the instant case. It may be conceded that such objectionable variance in results argues for a modification of the rule, but upon reflection it will be seen that the whole question is beset with difficulties of the most perplexing character. With diversity of local practice in the several states, the two qualities of uniformity and conformity, both generally thought to be desirable, are unattainable in full measure. Moreover, no rule is established by the federal statutes, and the common law of England is not controlling. United States v. Reid, 12 How. 361, 13 L. Ed. 1023; Logan v. United States, 144 U. S. 263, 12 S. Ct. 617, 36 L. Ed. 429; Rosen v. United States, 245 U. S. 467, 38 S. Ct. 148, 62 L. Ed. 406. Except in so far as may be required by considerations of conformity, we are of the opinion that the rule embodied in the Idaho statute should not be enlarged. And it may be suggested that, with the modern tendency to classify criminal offenses into felonies and misdemeanors by reference to the maximum penalty that may be imposed rather than to considerations of moral obliquity, even that rule may be unwisely resorted to in cases lying beyond the reasons upon which such a rule is supposed to rest. To humiliate a witness by publicly branding him as a "felon," when in truth his conviction was only for a petty offense, is more likely to pervert than to promote justice. In such a practice there is danger both of antagonizing jurors and of intimidating sensitive witnesses.

[2] The instruction assailed by the second assignment was upon the subject of an "alibi" defense. That it set forth fairly and fully the law of such a defense generally is not seriously questioned. The features criticized are reflected in the first sentence, which is as follows: "The defense in this case is what is known in law as an alibi; that is, the defendant was not present at the time or place of the commission of the offense charged in the information, if such offense had been committed, but he was at the time at another and different place." The objection that the court thus refers to a single offense, whereas the defendant was being tried on several counts, is somewhat hypercritical, and is not supported by any exception. Obviously the jury understood that they were to consider each charge separately, for the form of verdict required separate findings, and they ultimately agreed upon each of four counts, but disagreed respecting each of the others.

[3] The other point urged is that by the opening phrase, "The defense in this case," etc., the jury was advised that "alibi" was the only defense, and, in effect, that the commission of the offense by some one, was admitted. The exception taken is as follows: "May we have an exception to that part of the charge in substance and effect that the nature of the defense in this case is an alibi? We understand an alibi to be based upon the theory that the defendant admits, in effect, that a crime has been committed, but denies his presence. The defense in this case is based upon the theory that there was not any such act committed by anybody."

It is doubtful, to say the least, whether the exception was sufficient to advise the court of the precise contention now urged, and it is highly probable that, if the defendant had made clear a desire to have the jury more explicitly informed respecting his re-

liance upon both branches of his defense, the court would have complied with such a request. Apparently the only point intended to be urged by the exception was that by interposing an alibi defense a defendant necessarily admits the corpus delicti, that this defendant was contending that the criminal acts charged had not, in fact, been committed by any person, and that therefore there was no alibi defense. Such reasoning is unsound. Under his general plea of not guilty, plaintiff in error was not put to an election of defenses. True, a defendant may, at his option, admit the corpus delicti and rely exclusively upon an alibi, but clearly he may consistently urge both grounds.

But, if it be conceded that the exception was sufficient to suggest the point now urged, we do not think the instruction was prejudicial, for, fairly construed, it does not take from the jury the question whether an offense had been committed by any one. In the first sentence above quoted there is the saving clause, "if such offense had been committed," and in making concrete application of the general definition the court further said: "If, after a full and fair consideration of all the facts and circumstances in evidence, you entertain a reasonable doubt as to whether or not the defendant was present at the time and place of the commission of the offense charged in the information, *if such offense had been committed by any one*, it will be your duty," etc. And there were the usual instructions given in criminal cases, explaining that the defendant was presumed to be innocent and he should not be convicted unless the jurors were convinced beyond a reasonable doubt that he was guilty as charged, which implied the necessity of finding that the offense charged had been committed by some one.

While we are of the opinion that, in the absence of a request by the defendant, the whole instruction might more appropriately have been withheld, it is to be said in that respect, that the obvious and only legitimate purpose of nearly all the testimony adduced by defendant related to this defense. He and his wife were running a junk house at Burley and the two government witnesses, "under cover men," testified that at certain hours, upon the dates charged, they bought from him the liquor in question in his place of business. His testimony and that of his witnesses, if credited, proved that he was not at the junk house at such times, but was engaged in various duties at a considerable distance therefrom, and it is to be assumed that at least one of the contentions made in argument to the jury was that therefore he could not be guilty.

[4] We are unable to perceive the pertinency of defendant's extended argument to the effect that, to constitute an alibi in law, the defendant must have been so far from the scene of the crime at the time of its commission that he could not have committed it. That undoubtedly is true. But it does not follow that such an attempted defense may by the court be withdrawn from the jury, or that the court may properly decline to instruct upon it, merely because the evidence in support of it may be thought to be inconclusive or even feeble. If supported by any evidence at all, defendant was entitled to have the defense go to the jury, and it is not important whether he was miles away, or only a few yards away, from the junk house, if he was not in it at the time the government contends the offenses were committed therein. Plainly, therefore, the case of State v. Bosworth, 170 Iowa, 329, 152 N. W. 585, much relied upon by defendant, has no application, for the instruction complained of was pertinent to an issue raised by the testimony given for defendant.

No substantial error appearing, the judgment is affirmed.