**STATE of Missouri, Respondent,**

v.

**Raymond N. SIMON, Appellant.**

**No. 49476.**

Supreme Court of Missouri,

En Banc.

Feb. 10, 1964.

Theo. F. Schwartz, Charles M. Shaw, Clayton, for appellant.

Thomas F. Eagleton, Atty. Gen., George W. Draper, II, Asst. Atty. Gen., Jefferson City, for respondent.

BOHLING, Commissioner.

Raymond N. Simon appeals from a judgment imposing a sentence of three years' imprisonment under the habitual criminal act for stealing property of the value of more than $50. §§ 560.156, 556.280. (Statutory references are to RSMo 1959 and V.A.M.S.) He alleges error in the admission and rejection of evidence and the refusal of instructions.

Mrs. Gertrude Perjenski was a store detective for Stix Baer & Fuller, Inc., a corporation, at its "River Roads" store in Jennings, St. Louis County, Missouri. About 1:30 p. m. August 7, 1961, Mrs. Perjenski noticed four women and a man looking at mink stoles displayed on hangers on a pipe rack in the basement of the store. The man was looking at one stole after another. The women moved on. The man remained for a few minutes and then left, going up on the escalator. Mrs. Perjenski remained in the basement. In a few minutes she noticed this man return and head for the mink stoles. He was later identified as defendant's brother Joe Simon. She stationed herself where she could see what was going on "real good." Joe Simon was the only person at the mink stole rack. About five minutes later defendant, carrying a "satchel," joined Joe Simon. Defendant opened the satchel, held it open, and Joe Simon "snatched" a mink stole off the rack and dropped it in the satchel "real fast." Defendant closed the satchel and started out of the store, walking up the stairs. The witness followed him and saw him go to a Thunderbird automobile, open the trunk, put the satchel in the trunk, and get into the car. Mrs. Perjenski returned to the basement and saw Joe Simon just going out of the door on the north side. She followed him. He waited at the northeast corner for some time. Witness stopped a passing police car and asked them to go to the Thunderbird car because she knew the man had a mink stole that belonged to the store in its trunk. There was testimony establishing that the "sale price" of this mink stole was $139.00. Defendant

was arrested approximately two blocks from the River Roads store. Later, the mink stole taken from the store was found in a brief case in the trunk of the car.

Defendant's cross-examination of State witnesses Mrs. Perjenski and Officer Alfred T. Zlotopolski developed that Mrs. Perjenski gave a written statement to the county police department and Officer Zlotopolski made a written report with respect to the arrest of defendant. These writings were not used by either witness in testifying. Defendant's request that each be produced for his inspection to determine whether or not any discrepancies existed between the writing and the testimony of the respective witness for the purpose of cross-examination was refused. Defendant contends prejudicial error resulted, citing State v. Tippett, 317 Mo. 319, 296 S.W. 132 [7]; Jencks v. United States, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103, and Bergman v. United States, 6 Cir., 253 F.2d 933, following the Jencks case.

■ This issue stands ruled against defendant so far as it involves the police report of Officer Zlotopolski in State v. Cochran, Mo., 366 S.W.2d 360[1].

■ Defendant's State v. Tippett case was expressly overruled on this issue by Court en Banc in State ex rel. Missouri Pac. R. Co. v. Hall, 325 Mo. 102, 27 S.W.2d 1027, 1028, and see also State ex rel. Page, Pros. Atty. v. Terte, 324 Mo. 925, 25 S.W.2d 459, 461. Speaking to § 510.030 and Criminal Rule 25.19, V.A.M.R., with respect to the production of documents or papers, we quoted in State v. Redding, Mo., 357 S.W.2d 103, 109, the following from State v. Kelton, Mo., 299 S.W.2d 493, 497: " ' "A mere suspicion that it [a document] contains such evidence does not warrant an order for its production." State ex rel. Page v. Terte, 324 Mo. 925, 25 S.W.2d 459, 462[2, 3]. The production of books and papers under the statute "is not authorized upon the possibility of the impeachment of

witnesses or for prying into an adversary's preparation for trial." State v. McDonald, 342 Mo. 998, 119 S.W.2d 286, 289[6].' " See also State v. Crayton, Mo., 354 S.W.2d 834, 837[3]; State v. Gilliam, Mo., 351 S.W.2d 723, 727[12]; State v. Miller, Mo., 368 S.W.2d 353.

Palermo v. United States, 360 U.S. 343, 353, n. 11, 79 S.Ct. 1217, 3 L.Ed.2d 1287, and Scales v. United States, 367 U.S. 203, 257, 258, 81 S.Ct. 1469, 6 L.Ed.2d 782 (discussing the Jencks statute, 18 U.S.C. § 3500), are to the effect that the procedure laid down in the Jencks case was a rule of evidence and was not required by provisions of the Federal Constitution. See also State v. Kelly, 249 Iowa 1219, 91 N.W.2d 562, 563[1–4]. In holding neither the State nor an accused ordinarily has any right to examine the confidential files of the other, the Indiana Supreme Court stated in Anderson v. State, 239 Ind. 372, 156 N.E.2d 384, 385: "The United States Supreme Court in the case of Jencks v. United States, supra, held that 'justice' required that the accused be permitted to inspect documents or memoranda of statements made by a witness in the preparation of the case. We do not question the right of the United States Supreme Court to establish rules of practice and procedure for the federal courts. However, we are neither responsible for nor bound by such rules."

The trial court's ruling was proper.

Defendant contends the court erred in refusing to give his instruction on an alibi. There was testimony supporting a finding defendant knew nothing about the theft. We have said: "[A] defendant is entitled to have any theory of innocence submitted to a jury, however improbable that theory may seem, so long as the most favorable construction of the evidence supports it." State v. Kinard, Mo., 245 S.W.2d 890, 893 [5], and cases cited. A jury could find the following facts from defendant's evidence.

The Simon family operated Evergreen Gardens, Inc., in Florissant. Defendant, in

a company-owned Ford Thunderbird, drove his brother Joe to the River Roads store and let him out, telling Joe to meet him in the coffee shop in forty-five to sixty minutes. Defendant proceeded to his brother Don's home, a ten to fifteen minute drive, for some drawings to replace some shrubs. Finding no one at home, defendant got the plans from the house and returned to the River Roads store. He looked for Joe but did not find him in the coffee shop. He then went into the Stix River Roads store, a very large store. He looked for Joe in the basement and on all three floors. He was in the store thirty to forty-five minutes. He had no brief case. He never saw the stole prior to the trial, did not put it in the trunk of his car, and: "Q When you were in the basement level store, were you by yourself? A By myself. Q Never saw your brother there at any time? A Other than dropping him off that morning I never saw him. Q You were never with him? A Never with him."

Joe Simon testified: He entered the store, carrying a brief case, and went to the basement. He had a saleslady model the mink stole, but thought it was too expensive. She replaced it on the rack and left. He took the stole five or ten minutes later, put it in his brief case, left the store, saw his company's Thunderbird, and put the brief case and stole in the trunk of the car. "Q Did your brother in this cause ever have any knowledge of the fact you had the item in the brief case? A Any knowledge I took the mink from the store? Q Yes. A No, sir. Q And you put it in his car? A Yes, sir. Q At no time was he with you in the store? A No, sir, not in the store; no, sir."

From defendant's and Joe's testimony defendant was in the store looking for Joe at the time Joe took the stole but was not present at the scene at the time the offense was committed, did not participate in the offense and knew nothing about it.

■■■ "The word 'alibi' means 'elsewhere; in another place.'" State v. Hub-

bard, 351 Mo. 143, 171 S.W.2d 701, 706 [11]. A defendant does not have the burden of establishing an alibi. If all the evidence, including that on alibi, raises a reasonable doubt as to his guilt he is entitled to an acquittal. State v. Hubbard, supra [11–14]; State v. Taylor, 134 Mo. 109, 152 (7), 35 S.W. 92, 102(7); State v. Edwards, 109 Mo. 315, 322 (III), 19 S.W. 91, 92(3) (stating, in effect, if the defense be considered frivolous, that question is for the jury). It has been considered that: "One phase or application of that rule would seem to be that it is not necessary that the alibi evidence should cover all the time in question so fully, and relate to another place so remote, that it would be physically impossible, if this evidence were true, for the defendant to have committed the crime; but that even if the evidence offered to prove the alibi does not meet these requirments, it may be sufficient to raise a reasonable doubt of guilt." Annotations, 29 A.L.R. 1185(IV), 1186; 124 A.L.R. 493. 53 Am.Jur., Trial, § 658. State v. Koplan, 167 Mo. 298, 66 S.W. 967[5], 969, held failure to instruct on an alibi constituted reversible error where "defendant testified that he was not present at the commission of the offense." Fay v. United States (9 Cir.), 22 F.2d 740[4], involving the possession and sale of intoxicating liquor, in holding a defendant was entitled to have the jury pass on his alibi although it be considered inconclusive or even feeble, stated: "and it is not important whether he was miles away, or only a few yards away, from the junk house, if he was not in it at the time the government contends the offenses were committed therein." In State v. Gammons, 258 N.C. 522, 128 S.E.2d 860 [5], the State's evidence was that defendant assaulted prosecutrix in his basement bedroom with intent to commit rape; and a failure to instruct on alibi was conceded reversible error where defendant's evidence was that neither prosecutrix nor defendant was in said room at the time of the alleged offense. In State v. Spencer, 256 N.C. 487, 124 S.E.2d 175[1, 3], the State's evidence was that the prosecuting witness

was shot by the defendants who were on the ground outside of the "Big Four" building. Defendants were held entitled to an alibi instruction under evidence that they were inside the "Big Four" building at the time the shooting occurred. Moseley v. State, 165 Ga. 290, 140 S.E. 754[2], held evidence that defendant was in an outhouse at the time of a shooting entitled him to an instruction on alibi where the State's evidence was that defendant fired a gun wounding a companion of the deceased at the time another defendant shot and killed the deceased, and that the shooting occurred on the front porch of a house. Distance from the scene of an offense is not controlling. It goes more to the weight of the evidence than to the submissibility of an alibi. See quotation from Harris v. State, 120 Ga. 167, 47 S.E. 520, 521, in the Moseley case.

■ The court gave an instruction to the effect that a defendant's mere presence, without more, at the scene of a crime does not create guilt. State v. Odbur, 317 Mo. 372, 295 S.W. 734, 736[5]; State v. Muchnick, Mo.App., 334 S.W.2d 386, 389. This instruction recognized that there was evidence refuting the State's theory that defendant was present and participated in the offense, but there was no evidence of record of defendant's presence and nonparticipation in the offense. The instruction gave defendant the benefit of only a portion of his testimony. If he was entitled to have the jury pass on the portion of his evidence submitted in the instruction, he was entitled to have it pass on the whole thereof. The instruction was not sufficiently comprehensive to embrace the whole of defendant's rebuttal of the State's case. It ignored evidence in this record without objection tending to establish an alibi. We considered in State v. Chaney, Mo., 349 S.W.2d 238, 241, that instructions, among others, " 'upon the presumption of innocence and reasonable doubt, and good character when put in issue by the testimony, and also instructions presenting the law upon each defense interposed by the accused, are necessary for the information of the jury.' "

The State offers no criticism of defendant's refused alibi instruction. Its position is that no alibi instruction was required because defendant was an accessory before the fact (§ 556.170) and, therefore, defendant's presence at the scene at the time of the offense was not a necessary element of his guilt, citing State v. Lawrence, Mo., 71 S.W.2d 740[2]; State v. Millsap, 310 Mo. 500, 276 S.W. 625, 630[11]; State v. Gatlin, 170 Mo. 354, 70 S.W. 885[3], 890. The State's evidence distinguishes the cited cases from this case in that in the State's cases there was evidence sustaining the State's theory that defendant was an accessory before the fact, was not present at and did not participate in the actual commission of the offense; that is, there was evidence that defendant procured or incited another or others (Lawrence and Millsap) or was, with the perpetrator, a member of a conspiracy to commit the offense (Gatlin). The sole theory of the State under its affirmative evidence at the trial was that defendant and his brother Joe were both actually present and physically participated in the offense. There was no probative evidence that defendant was an accessory and was not present. Defendant had the right to rebut the State's case, and his evidence was offered in rebuttal of the State's evidence. It covered the whole of the time covered by the State's evidence. If believed, it refuted the State's case and defendant was entitled to a jury's verdict on said fact issue. The State is not remediless if false evidence be adduced.

■ In the circumstances of record, defendant, having tendered a proper instruction, was entitled to have his defense of an alibi submitted. For an instruction sufficiently complete on alibi, see State v. Howe, Mo., 343 S.W.2d 73, 75; State v. Bonner, 259 Mo. 342, 348, 168 S.W. 591, 592[1]. State v. Bobbitt, 228 Mo. 252, 271, 128 S.W. 953, 959, held the necessity for an instruction on alibi arose out of the fact

the State submitted the case on two theories: "One that the evidence tended to show the actual presence and participation of the defendants in the" offense, "and the other, a conspiracy, in which their presence was not essential"; and see the instruction in State v. Bobbitt, 242 Mo. 273, 285, "9," 146 S.W. 799, 803[3].

Other points are presented. They may or may not arise upon another trial. Counsel will no doubt consider them in the light of their presentation. We deem it unnecessary to further extend this opinion.

For the error in refusing to give an instruction on defendant's defense of alibi, the judgment is reversed and the cause is remanded.

PER CURIAM.

The foregoing opinion by BOHLING, C., as modified, is adopted as the opinion of the Court. All concur.